UNITED ST ATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREEN TREE SERVICING, LLC,                              Case No. 3:13-cv-63

      Plaintiff,                                          Judge Timothy S. Black

vs.

APRIL EDDIE, *et al.*,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 7)**

This civil action is before the Court on Plaintiff's motion to remand (Doc. 7) and

the parties' responsive memoranda (Docs. 8, 9).  Plaintiff requests that this case be

remanded back to the state court for lack of subject matter jurisdiction because the

complaint fails to present a federal question.

## I.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff initiated a foreclosure action in the Greene County Court of Common

Pleas as a result of Defendant April Eddie's alleged default under the terms of a Note and

Mortgage held by Plaintiff.  The complaint asserts that there is due and unpaid on the

Note and Mortgage the sum of $102,401.65, plus interest at the rate of 6.0% per annum

from May 1, 2011.  The property that is the subject of this action is located at 1295 Prem

Place, Xenia, Ohio.  Subsequently, Defendant Eddie[1] filed a notice of removal claiming:

---

[1]  There are additional named Defendants in this matter (Ohio State Department of Taxation, United States of America, Sterling Green Homeowners Association, and Treasurer of Greene County).  However, there is no indication that any of these Defendants have been served, and none of them are involved in the motion pending before this Court.

(1) the Note and Mortgage are FHA-insured, giving rise to federal question jurisdiction; and (2) the amount in controversy exceeds $75,000.[2]

## II.    STANDARD OF REVIEW

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Defendant bears the burden of establishing that removal was proper.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal raises significant federalism concerns and, for this reason, federal courts must strictly construe such jurisdiction.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  In other words, the issue is whether the case was properly removed in the first instance.  *Provident Bank v. Beck*, 952 F. Supp. 539, 540 (S.D. Ohio 1996).  Specifically, the issue is whether the plaintiff's well-pleaded complaint asserts a cause of action created by federal law or depends on the resolution of a substantial question of federal law.  *Jordan v. Humana Military Healthcare Serv., Inc.*, No. C-3-06-51, 2006 U.S. Dist. LEXIS 25845, at *1 (S.D. Ohio May 2, 2006).

Removal of an action to federal court based on original jurisdiction is provided for n 28 U.S.C. §§ 1441(a), 1331 as to: "all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendant maintains that Plaintiff's complaint contains a claim "arising under" federal law.

---

[2] Defendant April Eddie acknowledges that she did not remove this matter based on diversity jurisdiction.  *See* 28 U.S.C. § 1441 and Doc. 8 at 2.

"The 'arising under' gateway into federal court has two distinct portals." *Eastman v. Marine Mech. Corp*., 438 F.3d 544, 550 (6th Cir. 2006).  This Court has original jurisdiction if Plaintiff's well-pleaded complaint establishes that either federal law creates the cause of action, or that Plaintiff's right to relief involves the resolution or interpretation of a substantial question of federal law.  *Id.*

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Loftis v. United Parcel Serv., Inc*., 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)).  Because the plaintiff is the master of his complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law.  *Eastman*, 438 F.3d at 550.

## III.  ANALYSIS

This is a foreclosure action.  It is well-settled that foreclosures are creatures of state law.  *See, e.g., Roberts v. Cameron-Brown Co*., 556 F.2d 356, 359 (5th Cir. 1977) (holding that foreclosure by private power is a traditional creditor's remedy under state law).  Foreclosures are state law issues in spite of the existence of federal regulations applicable to some sectors of the lending industry.  For example, in *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989), the court held that there is no, the

court held that there is no private right of action for breach of HUD's mortgage servicing policies.[3]

## A. Federal Question

Defendant claims that the fact that: (1) the Note and Mortgage are insured by the FHA; and (2) the applicability of 24 C.F.R. § 203.604 to Plaintiff's ability to recover, bring this matter within the realm of federal question jurisdiction. However, Plaintiff's complaint does not invoke federal law as the basis for its relief.[4]  Plaintiff's foreclosure complaint relies on remedies available to it under Ohio law. *LeCrone*, 868 F.2d at 194. Foreclosure "is a traditional creditor's remedy under state law." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 357 (7th Cir. 1977).

Federal law is only being invoked in this matter by Defendant, in response to Plaintiff's complaint. Specifically, Defendant challenges Plaintiff's compliance with HUD regulations (24 C.F.R. § 203.604).[5]  Plaintiff is not seeking relief under 24 C.F.R.

---

[3] *See also Novastar Mortg., Inc. v. Gaeckle*, No. 1:08cv947, 2008 U.S. Dist. LEXIS 61104 (N.D. Ohio Aug. 4, 2008) (holding that a complaint of foreclosure seeking exclusive state law remedies could not be removed on the basis of federal question jurisdiction); *LeCrone*, 868 F.2d at 194 (holding that removal was not appropriate where complaint for foreclosure raised no federal issues, regardless of defendant's reliance on federal regulations in his defense).

[4]  It is well-established that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises substantial questions of federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[5] Each of the cases Defendant cites to support her argument is inapposite or actually supports remand. *See e.g., Smith v. Kansas City Title & Trust Co.*, 225 U.S. 190 (1921) (calling into question the constitutionality of federal laws, unlike the instant case); *Moore v. Chesapeake & Ohio Railway Co.*, 291 U.S. 205 (1934) (holding that federal subject matter jurisdiction was

§ 203.604.  Ultimately, "the question whether foreclosure is properly barred when a mortgagee fails to comply with federal loan servicing regulations is a matter to be determined by the terms of the mortgage instructions and applicable state law."  *Id*. at 361, n. 4.  Therefore, an Ohio state court is the appropriate forum to hear a case brought under Ohio law.[6]

Even if this Court finds that Plaintiff's right to foreclose under 24 C.F.R. § 203.604 is implied in its complaint, there is not a substantial federal interest in providing a federal forum to adjudicate foreclosure matters, where the rights of the parties are ultimately governed by state law.  *See, e.g., Leggette v. Washington Mut. Bank, FA, N.D. Texas*, No. 3:03cv2909, 2005 U.S. Dist. LEXIS 24405 (N.D. Tex. Oct. 29, 2005) (holding that a complaint alleging wrongful foreclosure based on failure to comply with HUD regulations did not give rise to federal question jurisdiction, even though plaintiff's complaint raised HUD regulations as its sole issue).[7]

---

lacking because under the Federal Safety Appliance Acts, the liability of defendant "was determined by the laws of Kentucky."); *Grable & Sons Metal Prod. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (holding that subject matter jurisdiction was appropriate because of the substantiality of the underlying federal issues).

[6] The fact that the loan at issue may be federally-insured is not sufficient to invoke this Court's federal question jurisdiction.  The potential applicability of mortgage insurance to this matter does not challenge or require any interpretation of any federal law.  *See, e.g., Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2006) (federal question jurisdiction will not be conferred where removal relies on facts not alleged in the complaint).

[7] *See also Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) (holding that "[t]he state court in which the personal-injury suit was lodged is competent to apply federal law, to the extent that it is relevant, and would seem best position to determine [plaintiff's fair share of recovery].").

**B. HUD Regulations**

HUD regulations do not give rise to federal subject matter jurisdiction.  *See, e.g.,*

*Thompson*, 478 U.S. at 814 ("the presence of a claimed violation of the statute as an

element of a state cause of action is insufficiently 'substantial' to confer federal-question

jurisdiction").  For example, *Leggett* is directly on point:

> Exercising federal jurisdiction over home foreclosure disputes
> typically governed by private contract and state law portends a
> significant transfer of judicial responsibilities from state to federal
> courts.  Conceivably, many borrowers with FHA-insured loans who
> seek to avoid foreclosure or to recover for wrongful foreclosure or
> similar relief could rely on violations of HUD regulations to assert
> state-law actions in federal court based on federal question jurisdiction,
> or to bring such claims in state court, triggering a right of removal on
> the same basis.  By contrast, in *Grable* it was clear that the balance
> between state and federal judicial responsibilities would not be
> disturbed by exercising federal jurisdiction, in part because quiet title
> actions rarely raise contested issues of federal law…Litigating state-
> law foreclosure lawsuits such as *Leggette*'s in a federal forum thus
> "threaten[s] to affect…the normal currents of litigation," in which
> foreclosure proceedings are generally litigated in state courts.

*Id.* at 4.  The *Leggett* court ultimately remanded the matter back to state court because

there was no federal cause of action and no preemption of state remedies by the federal

statutes questioned in the case.  *Id.*

Similarly, in *Kluxen v. PNC Mortg.*, the court remanded an action brought by a

mortgagor "seeking a declaratory judgment that [the mortgagee] did not comply with the

terms of 24 C.F.R. Section 203.604 prior to the commencement of foreclosure

proceedings."  No. 3:10cv501, 2010 U.S. Dist. LEXIS 93437, at *3 (E.D. Va. Sept. 8,

6

2010).  Again, the court stated that whether a party complied with HUD regulations "is squarely governed by interpretation of the contract under state law and does not require resolution of a substantial question of federal law.  Although a HUD regulation is an element of the contract, the result will not depend on an interpretation of the federal regulation, but instead on the terms and conditions of the deed of trust." *Id.* at 3.  The court determined that a state court is competent to apply the terms of 24 C.F.R. § 203.604. *Id.*

Of note is that both *Legette* and *Kluxen* were cases brought by mortgagees and their complaints both directly cited HUD regulations as the basis for their cause of action. As discussed *supra*, Plaintiff does not raise issues of federal law in its complaint.  Even if this Court looked past the face of Plaintiff's complaint to find a federal issue, based on *Legette* and *Kluxen*, this Court must nevertheless remand this case.

Defendant has not met her burden of proof in establishing the existence of federal subject matter jurisdiction, and this civil action therefore must be remanded for resolution in state court.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV.  CONCLUSION

Accordingly, for the foregoing reasons: (1) Plaintiff's motion to remand (Doc. 7) is **GRANTED**; (2) the case is **REMANDED** to the state court from which it was removed; and (3) this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.


Date:  <u>5.2.13</u>                                                <u>*s/ Timothy S. Black*</u>
                                                                    Timothy S. Black
                                                                    United States District Judge